# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Terrence Davis, )<br>)<br>              Plaintiff, )<br>)<br>v. )<br>)<br>Liberty Mutual Insurance Company, )<br>)<br>              Defendant. )<br>_____) | C.A. No.: 9:15-cv-2818-PMD<br><br>**ORDER** |

This matter is before the Court on two motions. First, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") has filed a Motion to Dismiss pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure (ECF No. 4). Second, Plaintiff Terrence Davis has filed a Motion to Amend his Complaint pursuant to Rule 15(a) (ECF No. 5). For the reasons set forth herein, Liberty Mutual's motion is granted in part and denied in part, and Davis's motion is denied as moot.

## BACKGROUND/ PROCEDURAL HISTORY

In 2012, Davis sued Larry Tye in South Carolina state court for injuries Davis sustained in an automobile accident with Tye. Davis obtained a default judgment against Tye in the amount of $250,000.00.

Davis then filed this action in state court on June 15, 2015, alleging that Liberty Mutual had improperly refused to pay him underinsured motorist benefits under an insurance policy issued to him. Davis sought a declaratory judgment of his rights under the policy and damages for insurance bad faith. Liberty Mutual removed the case to this Court and then filed its motion

---

1. At the beginning of its motion, Liberty Mutual states that it is also seeking dismissal pursuant to Rule 12(b)(1). However, neither the motion nor any of Liberty Mutual's later-filed papers includes any argument relating to that Rule. Accordingly, to the extent Liberty Mutual actually intended to assert such an argument, the Court finds it abandoned.

to dismiss on July 17, 2015. On August 5, Davis filed a response to Liberty Mutual's motion and also filed a motion to amend his Complaint. In the Amended Complaint, Davis continued to assert declaratory judgment and bad faith claims. However, instead of alleging the denial of his own underinsured motorist coverage, he alleged Liberty Mutual improperly refused to pay liability benefits on a policy it had issued to Tye.[2] On August 17, Liberty Mutual filed a response to Davis's motion as well as a reply in support of its own motion. These matters are now ripe for consideration.

## DISCUSSION

### I.     Davis's Motion to Amend

The Court first addresses Davis's motion to amend. "A party may amend its pleading once as a matter of course"—that is, without the opposing party's consent or leave of court—"within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Davis filed the motion and the proposed Amended Complaint on August 5, 2015, nineteen days after Liberty Mutual filed its motion to dismiss. Davis did not need permission to file an amended pleading, and thus his motion was unnecessary. The motion is denied as moot, but the Amended Complaint is accepted as having been filed on August 5, 2015.[3] *See AJP Grp., LLC v. Holmes*, No. 4:13-cv-611, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) (stating both parties mistakenly believed motion to amend was necessary, finding proposed amended complaint was not futile, and accepting it for filing); *Bartlett v. Harviel*, No. 1:00CV241, 2002 WL 32574862,

---

2.    In the response to Liberty Mutual's motion to dismiss, Davis's attorney admitted that when he drafted the original Complaint, he had gotten two of his files confused and mistakenly drafted the original Complaint to allege improper denial of Davis's underinsured coverage.

3.    Although Davis's motion was unnecessary, Liberty Mutual opposes it, arguing that amendment would be futile because the Amended Complaint does not state a claim for relief. The futility of amendment is relevant only when a party needs leave of court to amend and the court must determine if "justice . . . requires" that it provide leave. *See* Fed. R. Civ. P. 15(a)(2); *Sherrod v. King*, No. 107CV28, 2010 WL 3785528, at *2 (M.D.N.C. Sept. 23, 2010) (describing futility as one of the "factors relevant to consideration of a motion to amend"), *report and recommendation adopted*, 2011 WL 147737 (M.D.N.C. Jan. 18, 2011). Because no leave is needed, the Court does not consider Liberty Mutual's futility argument.

at *8 (M.D.N.C. Feb. 26, 2002) (denying as moot motion to amend because party could amend pleading as of right), *aff'd*, 45 F. App'x 269 (4th Cir. 2002) (per curiam).

## II.     Liberty Mutual's Motion to Dismiss

### A.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Our courts use "a 'two-pronged approach'" to assess the legal sufficiency of a complaint. *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the complaint must "contain factual allegations in addition to legal conclusions." *Id.* Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere

3

possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion, the court must accept as true all of the facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

In this case, an amended pleading was submitted while the motion to dismiss the original pleading was still pending. A defendant is "not required to file a new motion to dismiss simply because an amended pleading was introduced while [its] motion was pending." *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004) (citing 6 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1476, at 558 (2d ed. 1990)). Where, as here, some of the alleged defects raised in the original motion remain in the

amended pleading, the court will consider the motion as being addressed to the amended pleading. *Id.*

### B. Liberty Mutual's Arguments

Liberty Mutual contends the allegations in both the original Complaint and the Amended Complaint contain several deficiencies. Because Davis intends for his Amended Complaint to replace his original pleading, the Court addresses Liberty Mutual's arguments only as to the Amended Complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); *Capell v. NC Div. of Vocational Rehab. Servs.*, No. 3:10-CV-355-RJC-DCK, 2010 WL 4363571, at *1 (W.D.N.C. Oct. 5, 2010) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." (citations omitted)), *report and recommendation adopted*, 2010 WL 4340792 (W.D.N.C. Oct. 27, 2010).

Liberty Mutual first insists that it never issued Tye an insurance policy. However, that flatly contradicts Davis's allegation in the Amended Complaint that Liberty Mutual did issue Tye an automobile liability insurance policy. Accepting Liberty Mutual's contention would violate this Court's obligation to accept Davis's allegation as true. Accordingly, this Court must reject it. *See, e.g.*, *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 762 n.3 (E.D. Va. 2010) (disregarding information provided in Rule 12(b)(6) motion that indicated defendant was not a proper party, as the information contradicted plaintiffs' allegations).

Similarly, Liberty Mutual contends that Tye purchased the insurance policy at issue from Liberty Mutual Fire Insurance Company, a company unrelated to Liberty Mutual. However,

this, too, contradicts the Amended Complaint, and therefore the Court cannot consider it. *See Vitullo*, 684 F. Supp. 2d at 762 n.3.

In an attempt to substantiate the above contentions, Liberty Mutual has submitted the declarations page of an insurance policy that Liberty Mutual Fire Insurance Company issued to Tye. Liberty Mutual argues that this Court can consider the declarations page because it is part of the policy referenced in the Amended Complaint and that the page disproves Davis's allegation that Liberty Mutual issued a policy to Tye. The Court disagrees. On a Rule 12(b)(6) motion, the Court can consider an insurance policy discussed in the complaint. *See Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no challenge to its authenticity); *Baiden & Assocs., Inc. v. Crum & Forster Specialty Ins. Co.*, No. 4:11-cv-267-RBH, 2012 WL 591752, at *3 (D.S.C. Feb. 23, 2012) (citing *Phillips* and considering insurance policy on motion to dismiss because policy was integral to the claims, the complaint explicitly referenced policy, and plaintiff did not challenge policy's authenticity). However, Liberty Mutual is not asking the Court to consider such a policy. The Amended Complaint discusses a policy issued by *Liberty Mutual*, and, as Liberty Mutual stresses in its briefs, the declarations page it has provided is for a policy issued by a different company.[4] Thus, the Court cannot consider the declarations page. *See In re Cree Sec. Litig.*, 333 F. Supp. 2d 461, 469–70

---

4.  For the purposes of this discussion, the Court assumes that Liberty Mutual and Liberty Mutual Fire Insurance Company are unrelated companies, such that the former would have no obligation to pay benefits on an insurance policy issued by the latter. However, if the companies are unrelated, the Court questions how Liberty Mutual came into possession of the declarations page and how Liberty Mutual has knowledge of Liberty Mutual Fire Insurance Company's plan to assert a counterclaim against Davis. (*See* Notice of Removal, ECF No. 1, at 4–5 ("Liberty Mutual Fire Insurance Company—the properly named entity that sold a policy to Mr. Tye—will be asserting a counterclaim for lack of coverage under the policy . . . .").)

(M.D.N.C. 2004) (distinguishing *Phillips* and declining to consider defendants' exhibits to motion to dismiss because they were not discussed in the complaint).[5]

Liberty Mutual next argues Davis cannot recover because he has failed to allege that a timely claim was made on the Liberty Mutual Fire Insurance Company policy. As discussed above, however, Davis is alleging breach of a policy issued by Liberty Mutual. Thus, the question is whether Davis has alleged timely notice to Liberty Mutual. In the Amended Complaint, Davis alleges that Liberty Mutual "breached the contract with it's [sic] insured, Larry Richard Tye, in refusing to pay or even discuss payment, under the policy, and further breached the contract when [Davis] obtained a judgment . . . against Larry Richard Tye." (Am. Compl., ECF No. 5-1, at ¶ 8.) Read in the light most favoring Davis, that allegation implies Liberty Mutual was on notice of the claim before Davis obtained a default judgment against Tye. Liberty Mutual could not affirmatively refuse to pay a claim or discuss payment unless it was on notice of the claim. Moreover, by alleging that the insurance agreement was "further breached" when Davis obtained a judgment, the Amended Complaint indicates that the refusal occurred before entry of that judgment. Thus, Davis has alleged that a claim was timely made.

Next, Liberty Mutual contends Davis has failed to sufficiently identify the policy he references in his Amended Complaint. However, Liberty Mutual has not identified what missing policy information it needs in order to evaluate and respond to the Amended Complaint. *See Twombly*, 550 U.S. at 555 (stating the purpose of Rule 8's "short and plain statement" requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon

---

5. Even if this Court could consider the page, that evidence would not warrant dismissal. The page merely shows that Liberty Mutual Fire Insurance Company issued Tye a policy. It does not disprove the allegation that Liberty Mutual issued Tye a policy. In other words, the declarations page does not negate the possibility that Tye bought insurance policies from both Liberty Mutual and Liberty Mutual Fire Insurance Company. While that might be unlikely, the Court cannot dismiss the Amended Complaint on that basis. *See Iqbal*, 556 U.S. at 678 (stating a complaint need not allege facts evincing a probability that the plaintiff will succeed).

which it rests.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). On the contrary, by asserting that it never issued Tye an insurance policy and that another company is Tye's insurer, Liberty Mutual implies the Amended Complaint provides all the information it needs to assess Davis's claims.

Finally, Liberty Mutual argues that under South Carolina law, Davis has no standing to make an insurance bad faith claim because the alleged policy was not issued to him.[6] South Carolina state courts "have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds" because such third parties do not have standing to sue. *Kleckley v. Nw. Nat'l Cas. Co.*, 338 S.C. 131, 135, 526 S.E.2d 218, 219 (2000). However, a third party can acquire standing by becoming an assignee of the named insured. *See Smith v. Maryland Cas. Co.*, 742 F.2d 167, 168 (4th Cir. 1984) (applying South Carolina law and noting insured assigned his bad faith claim to the plaintiff); *Wilkins v. State Farm Mut. Ins. Co.*, No. 3:06-cv-334-CMC, 2008 WL 2690240, at *7 n.12 (D.S.C. July 1, 2008) (applying South Carolina law and noting "the insured might ultimately assign its rights to seek recovery" for insurance bad faith); *Royal Ins. Co. of Am. v. Reliance Ins. Co.*, 140 F. Supp. 2d 609, 617 (D.S.C. 2001) (applying South Carolina law and stating insurance bad faith "is a theory of recovery aimed at insureds or their assignees").

As previously discussed, Davis alleges Liberty Mutual issued a policy to Tye. Under *Kleckley*, the mere fact that Tye injured Davis does not give Davis standing to sue Tye's insurer for bad faith. Although an assignment of Tye's bad faith claim would give Davis standing, Davis has not alleged that he has obtained such an assignment. Furthermore, Davis appears to be asserting a bad faith claim for alleged injuries that are personal to him. He seeks damages for "mental and emotional stress created" by Liberty Mutual's refusal to pay, costs to hire counsel to

---
6. Liberty Mutual does not contend that Davis lacks standing to assert a declaratory judgment claim.

8

make a policy claim and to bring this action, and lost interest on the policy benefits that he contends he is owed. (Am. Compl., ECF No. 5-1, at ¶ 11.) However, as an assignee of Tye, Davis could recover only Tye's damages. *See Wilkins*, 2008 WL 2690240, at *7 n.12 (stating that insured's assignment of bad faith claim to the party he injured "would not retroactively impose a duty of good faith and fair dealing running from the insurer to the injured third-party"); *Singletary v. Aetna Cas. & Sur. Co.*, 316 S.C. 199, 201–02, 447 S.E.2d 869, 870 (Ct. App. 1994) ("An assignee of a chose in action can claim no higher rights than his assignor had at the time of the assignment."). Thus, Davis has failed to state a bad faith claim against Liberty Mutual.

To be sure, the allegations in Davis's Amended Complaint are sparse. However, his substantive allegations need only provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The level of detail needed to meet that standard necessarily depends on the facts and the legal theory being alleged. *Iqbal*, 556 U.S. at at 679. Davis has alleged just enough to show it is plausible that he is entitled to declaratory relief. However, he has not alleged enough facts to state an insurance bad faith claim, and therefore the Court will dismiss that cause of action.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Davis's Motion to Amend is **DENIED AS MOOT** and that Liberty Mutual's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

    **AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 19, 2015**
**Charleston, South Carolina**